## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **James Palmer, and** | : | |
| **Donna Palmer, h/w** | : | |
| **Plaintiff(s),** | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO.** |
| | : | |
| **Heidelberg USA, Inc., individually and as** | : | **ASBESTOS CASE** |
| **successor-in-interest to Mergenthaler** | : | |
| **Linotype Company,** | : | |
| **Defendant(s).** | | |

## NOTICE OF REMOVAL OF A CIVIL ACTION

TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. § 1441 and §1446, Defendant, Heidelberg USA, Inc., individually and as successor-in-interest to the Mergenthaler Linotype Company, by and through its counsel, hereby files the following Notice of Removal and requests the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, which is the judicial district in which the action is pending. Defendant sets forth the grounds for removal as follows:

1.     Plaintiff commenced the above-captioned matter by filing a Civil Action Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania on August 14, 2012, docketed as August Term, 2012, Case No. 1279.   A copy of the Complaint is attached hereto as Exhibit "A."

2.     Service of Plaintiff's Civil Action Complaint was effectuated on Defendant Defendant, Heidelberg USA, Inc., individually and as successor-in-interest to the Mergenthaler Linotype Company on August 17, 2012.  There is no other process, pleadings or Orders that have

been served upon this Defendant in this action.

3.      The filing of this Notice of Removal is timely, in that: (1) it is being filed within 30 days after receipt, by the Defendant, of the Plaintiff's Complaint, which constitutes the first paper by which it could be ascertained that the case is removable; and (2) it is being filed less than one year after the commencement of the action.

4.      There is complete diversity of citizenship between Plaintiff and all remaining Defendants in this case:

  a. Plaintiffs, James Palmer and Donna Palmer, affirmatively plead in their complaint that they are residents of Pennsylvania.

  b. Defendant, Heidelberg USA, Inc., individually and as successor-in-interest to the Mergenthaler Linotype Company Heidelberg USA, Inc., individually and as successor-in-interest to the Mergenthaler Linotype Company, is incorporated in Delaware and has its principal place of business in Georgia.

  c. Harris Corporation, upon information and belief, is incorporated in the state of Delaware with its principal place of business in Florida-.

5.      This removal notice complies with the "rule of unanimity" under 28 USCS § 1446(a) because each of these defendants has hereby actually and formally expressed its consent to the removal of this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.  A true and correct copy of a Consent for Removal form signed by counsel for Harris Corporation is attached hereto as Exhibit "B."

6.      The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

7.      Accordingly, this is an action "between citizens of different states" where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," for purposes of 28 U.S.C. § 1332(a) and § 1441(a).

8.      Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. §1441(b) because none of the parties in interest properly joined and served as a defendant is a citizen of the State of Pennsylvania, the State embracing the forum in which this action was initially brought.

9.      Notice of filing of this Notice of Removal will be served promptly on all adverse parties in this action.

10.     After filing this Notice of Removal, a certified copy will be filed promptly with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with 28 U.S.C. §1446(d).

WHEREFORE, Defendants request this action be removed from the Court of Common Pleas, Philadelphia, Pennsylvania to the United States District Court of the Eastern District of Pennsylvania.

                        Respectfully submitted,


            By:     /s/ Barbara J. Buba, Esq.
                    Barbara J. Buba, Esq. (PA I.D. # 36440)
                    Michael J. Block, Esq. (PA I.D. # 41584)
                    Wilbraham, Lawler & Buba
                    Attorneys for Defendant Heidelberg USA, Inc.,
                    individually and as successor-in-interest to the
                    Mergenthaler Linotype Company

3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing ***Notice of Removal of a Civil Action*** has been served upon counsel of record via United States first-class mail, postage prepaid, this 31st day of August, 2012, as follows:

> Gonen Haklay
> Cohen, Placitella & Roth
> Two Commerce Square
> 2001 Market Street
> Suite 2900
> Philadelphia, PA 19103
> Attorney for Plaintiff
>
> Penelope B. O'Connell
> Eckert Seamans Cherin & Mellott, LLC
> 300 Delaware Avenue
> Suite 1210
> Wilmington, DE 19801
> Attorneys for Defendants
> Harris Corporation
>
>
> /s/ Barbara J. Buba, Esq.
> Barbara J. Buba, Esq. (PA I.D. # 36440)
> Michael J. Block, Esq. (PA I.D. # 41584)
> Wilbraham, Lawler & Buba
> Attorneys for Defendant Heidelberg USA, Inc.,
> individually and as successor-in-interest to the
> Mergenthaler Linotype Company

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

## AUGUST 2012

E-Filing Number: 1208021655

**001279**

| PLAINTIFFS NAME | DEFENDANTS NAME |
|---|---|
| JAMES A. PALMER | HARRIS CORPORATION |

| PLAINTIFFS ADDRESS | DEFENDANTS ADDRESS |
|---|---|
| 89 OLD PEN ARGYL ROAD<br>BANGOR PA 18013 | C/O CORPORATION SERVICE CO. 2711 CENTERVILLE ROAD<br>WILMINGTON DE 19808 |

| PLAINTIFFS NAME | DEFENDANTS NAME |
|---|---|
| DONNA PALMER | HEIDELBERG USA, IND., ALIAS: C/O THE CORPORATION TRUST COMPANY |

| PLAINTIFFS ADDRESS | DEFENDANTS ADDRESS |
|---|---|
| 89 OLD PEN ARGYL ROAD<br>BANGOR PA 18013 | 1209 ORANGE STREET<br>WILMINGTON DE 19801 |

| PLAINTIFFS NAME | DEFENDANTS NAME |
|---|---|
| | |

| PLAINTIFFS ADDRESS | DEFENDANTS ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[X] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[ ] Other: | [X] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| T1 - MASS TORT - ASBESTOS |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br><br>AUG **14** 2012<br><br>S. GARRETT | YES     NO |

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JAMES A PALMER , DONNA PALMER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFFS/PETITIONERS/APPELLANTS ATTORNEY | ADDRESS |
|---|---|
| GONEN HAKLAY | TWO COMMERCE SQUARE<br>2001 MARKET STREET<br>SUITE 2900<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 567-3500 | (215) 567-6019 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 76446 | ghaklay@cprlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| GONEN HAKLAY | Tuesday, August 14, 2012, 12:23 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COHEN, PLACITELLA & ROTH, P.C.**
Gorien Haklay, Esquire
Identification No.: 76446
ghaklay@cprlaw.com
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
(215) 567-3500

**SHELLER, P.C.**
Claudine Q. Homolash , Esquire
Identification No.: 84494
1528 Walnut Street, 4th Floor
Philadelphia, Pennsylvania 19106
(215) 790-7300



JAMES PALMER AND DONNA PALMER,
Husband and Wife,

        Plaintiffs,

    vs.

HARRIS CORPORATION, et al.,

        Defendants.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA

ASBESTOS CASE

JURY TRIAL DEMANDED

TERM, 2012

NO.

## COMPLAINT - CIVIL ACTION
### 26035/2090 Asbestos

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral & Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: (215) 238-6333

**AVISO**

La han demandado a usted en la corte. Si usted quiere defensersa de estas demandes expuentas en la paginas siguientes, usted tiene veunte (20) dias de plazo al partir de la focha de la demande y la notificación. Hace falta osentar una compareccia escrita o en persona o con un abodago y entregar a la corte en forma escrita sus defensas or sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defienda, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Ademas, la corte puede decidir a favor del demundunte y requiere que usted conpla con todas las provisiones de esta demanda. Usted puede poder dinero o sus propiedades u otros derechos importentes para usted.

LLEVE ESTA DEMANDA A UN ABODAGO INMEDIATAMENTE. SI NO TIENE ABODAGO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Association DeLicencisdos De Filadelfia
Servicio DeReferencia E Información Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

Case ID: 120801279

## DEFENDANTS' ADDRESSES

Harris Corporation
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, Delaware   19808

Heidelberg USA, Inc., individually and as
successor-in-interest to the Mergenthaler Linotype Company
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

COHEN, PLACITELLA & ROTH, P.C.
Gonen Haklay, Esquire
Identification No.: 76446
ghaklay@cprlaw.com
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
(215) 567-3500

SHELLER, P.C.
Claudine Q. Homolash , Esquire
Identification No.: 84494
1528 Walnut Street, 4th Floor
Philadelphia, Pennsylvania 19106
(215) 790-7300

| | |
|---|---|
| JAMES PALMER AND DONNA PALMER, Husband and Wife, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PA |
| Plaintiffs, | ASBESTOS CASE |
| | JURY TRIAL DEMANDED |
| vs. | AUGUST TERM, 2012 |
| HARRIS CORPORATION; and, HEIDELBERG USA, INC., individually and as successor-in-interest to the Mergenthaler Linotype Company, | NO. |
| Defendants. | |

## COMPLAINT - CIVIL ACTION
26035/2090 Asbestos

Pursuant to an Order dated July 30, 1986, signed by the Honorable Richard B. Klein and the Honorable Edward J. Blake, the following Short Form Complaint is utilized in this asbestos action.

1.    The Plaintiffs bring this action on behalf of all persons entitled by law to recover damages, which includes the following:

    a.      James Palmer
              89 Old Pen Argyl Road
              Bangor, Pennsylvania  18013
              Date of Birth:  August 22, 1944

    b.      Donna Palmer
              89 Old Pen Argyl Road
              Bangor, Pennsylvania  18013

2.     In addition, Plaintiffs have named Defendant, HARRIS CORPORATION, which was not named in Plaintiffs' Master Long Form Complaint.

Defendant, HARRIS CORPORATION, is a corporation duly organized and existing under the laws of the State of Delaware, with its registered agent address as The Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. At all times material hereto, Defendant HARRIS CORPORATION manufactured, produced, supplied, sold, distributed and/or used, either directly or indirectly, in the geographical area in which Plaintiff James Palmer worked, and/or to employers of Mr. Palmer, asbestos products, including but not limited to asbestos-containing Intertype printing machines.

3.     In addition, Plaintiffs have named Defendant, HEIDELBERG USA, INC., individually and as successor-in-interest to the Mergenthaler Linotype Company, which was not named in Plaintiffs' Master Long Form Complaint.

Defendant, HEIDELBERG USA, INC., individually and as successor-in-interest to the Mergenthaler Linotype Company, is a corporation duly organized and existing under the laws of the State of Delaware, with its registered agent address as The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. At all times material hereto, Defendant HARRIS CORPORATION manufactured, produced, supplied, sold, distributed and/or used, either directly or indirectly, in the geographical area in which Plaintiff James Palmer worked, and/or to employers of Mr. Palmer, asbestos products, including but not limited to asbestos-containing

Mergenthaler Linotype printing machines.

    4.      Plaintiff James Palmer's asbestos exposure history, including to the extent possible at this time, the asbestos manufacturers and products to which Plaintiff James Palmer was exposed, and the inclusive dates of exposure and job sites, is attached hereto as Exhibit A.

    5.      Plaintiffs first learned of Mr. Palmer's asbestos-related disease, mesothelioma, on or about April 10, 2012 from Narongsak Boonswang, M.D. of Easton Hospital. Plaintiffs first became aware of Mr. Palmer's asbestos-related disease only after the diagnosis date.

    6.      Plaintiff James Palmer's history of tobacco use is as follows: Former smoker. Mr. Palmer smoked approximately two packs of cigarettes per day beginning at the age of 18. Mr. Palmer discontinued smoking cigarettes sometime during the 1970s, but has been an occasional cigar smoker since discontinuing his use of cigarettes.

    7.      A claim for lost wages is not asserted at this time, but may become viable in the future.

    8.      Pursuant to an Order dated July 30, 1986 signed by the Honorable Richard B. Klein and the Honorable Edward J. Blake allowing for the filing of a "Short Form Complaint" and a "Master Long Form Complaint," Plaintiffs have filed the instant Complaint. Plaintiffs hereby incorporate the "Master Long Form Complaint" as if that document was set forth at length herein, including but not limited to:

| | | |
|---|---|---|
| Count I | - | Negligence and Outrageous Conduct |
| Count II | - | Strict Liability |
| Count III | - | Conspiracy |
| Count IV | - | Breach of Warranty |
| Count XII | - | Damages |

Case ID: 120801279

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

Dated: 8/14/12

By: _Gonen Haklay_

Gonen Haklay, Esquire
Cohen, Placitella & Roth, P.C.
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
(215) 567-3500

## EXHIBIT A – PLAINTIFF JAMES PALMER'S ASBESTOS WORK HISTORY

| | |
|---|---|
| Career: | 1962 – 1977 |
| Job Description: | Machinist – Intertype and Mergenthaler Linotype Printing Machine Repair |
| Job Site: | Knight-Ridder, Inc., formerly known as Twin Coast Newspapers, Inc. |
| | Marshall Street, Phillipsburg, New Jersey |

| DEFENDANT | PRODUCT/EXPOSURE |
|---|---|
| Harris Corporation | Asbestos-containing Intertype printing machines which were repaired and re-built by Mr. Palmer at the Knight-Ridder, Inc. (formerly known as Twin Coast Newspapers, Inc.) site located on Marshall Street in Phillipsburg, New Jersey from 1962 – 1977. |
| Heidelberg USA, Inc., individually and as successor-in-interest to the Mergenthaler Linotype Company | Asbestos-containing Mergenthaler Linotype printing machines which were repaired and re-built by Mr. Palmer at the Knight-Ridder, Inc. (formerly known as Twin Coast Newspapers, Inc.) site located on Marshall Street in Phillipsburg, New Jersey from 1962 – 1977. |

## VERIFICATION

James Palmer, hereby states that he is the Plaintiff in the within action and verifies that the statements made in the foregoing COMPLAINT are true and correct to the best of his knowledge, information and belief, and that he understands that the statements therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

8-7-12
_____
Date

_____
James Palmer

Case ID: 120801279

## VERIFICATION

Donna Palmer, hereby states that she is the Plaintiff in the within action and verifies that the statements made in the foregoing COMPLAINT are true and correct to the best of her knowledge, information and belief, and that she understands that the statements therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


8-9-12
Date

Donna Palmer

Case ID: 120801279

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

| | |
|---|---|
| **PALMER ETAL VS HARRIS**<br>**CORPORATION ETAL** | 2012  TERM **AUGUST**<br><br>No. **01279** |

## IN RE: ASBESTOS LITIGATION - OCTOBER TERM 1986, NO. 0001

### MASTER CASE MANAGEMENT ORDER FOR
### ASBESTOS-RELATED PERSONAL INJURY CLAIMS

It is the goal of this Court to secure the just, expeditious and cost-effective determination of each personal injury case involving exposure to asbestos or asbestos-containing products pending or hereafter filed in the Court of Common Pleas of Philadelphia County to eliminate duplication of effort, prevent unnecessary paperwork and promote judicial economy.

In order to achieve these objectives, this 1st day of December, 2010, the Court enters the following Case Management Order for personal injury cases involving exposure to asbestos or asbestos-containing products.

This Case Management Order supersedes all prior Case Management Orders entered in the Asbestos Litigation and shall apply to all cases currently pending and hereafter filed in this Court.

### I.   PLEADINGS
A.   Short Form Complaints

A Short Form Complaint shall be filed and served in every case in accordance with the Pennsylvania Rules of Civil Procedure. Plaintiffs may incorporate by reference the Master Long Form Complaints filed on the above-captioned docket.

The Short Form Complaint shall contain the information required by Philadelphia Civil Rule *1019.1(B), to the extent consistent with the Pennsylvania Rules of Civil Procedure.

A Short Form Complaint that contains premises liability claims shall include the name and address of each work site in which the plaintiff alleges exposure to asbestos and the dates during which the plaintiff or the decedent worked at each such work site.

B.   Preliminary Objections

In response to each Short Form Complaint, the defendant may file preliminary objections, if deemed appropriate, in accordance with the Pennsylvania Rules of Civil Procedure and Philadelphia Civil Rule *1028. The preliminary objections shall be filed in letter brief format rather than motion package format. Its caption must specify "Asbestos Litigation" and name opposing counsel. Facts, issues and pertinent case law should be included. Each motion must include a proposed order.

C.   Answers to Complaints

Defendant's answers to complaints are governed by Rule 1041.1 of the Pennsylvania Rules of Civil Procedure.

## II.   GIFFEAR DOCKET

Cases that do not state a valid claim pursuant to <u>Giffear v. Johns-Manville Corp.</u>, 632
A.2d 880 (Pa.Super. 1993), aff'd sub nom. <u>Simmons v. Pacor, Inc.</u>, 674 A.2d 232 (Pa.1996),
shall be placed on an inactive docket.

To reactivate a case which has been discontinued pursuant to <u>Giffear</u>, a Motion to
Reactivate must be filed and include all necessary medical reports supporting said motion.
The motion shall be filed in letter brief format consistent with the Mass Tort Motion
procedures.

## III.   DISCOVERY

The following deadlines shall apply for the completion of discovery and the exchange of
expert reports:

<u>180 Days prior to jury selection-</u>
Plaintiffs shall serve answers to Defendants' Master Interrogatories and Requests for
Production Directed to Plaintiffs, including information relating to Bankruptcy Trust Filings.

Plaintiffs shall forward the identification of all health care providers along with addresses to
defense counsel and RecordTrak.

Plaintiffs shall forward HIPAA compliant authorizations signed by plaintiffs to RecordTrak.

<u>120 days prior to jury selection-</u>

Plaintiffs shall serve medical, economic and liability expert reports.

Plaintiffs shall produce to lead defense counsel all diagnostic materials in the possession of
plaintiffs or their counsel and all diagnostic material reviewed by plaintiffs' experts.  This
includes, but is not limited to, x-rays, CT scans, pathology and cytology.

Plaintiffs shall serve product identification witness lists identifying the defendants the
witnesses are expected to identify.

<u>100 days prior to jury selection</u>-- Completion of plaintiffs' depositions.

<u>90 days prior to jury selection</u>-- Completion of all co-worker depositions.

<u>45 days prior to jury selection</u>-- Defendants shall serve medical and economic expert reports.

<u>10 days prior to jury selection</u>--Defendants shall serve expert liability reports.


## IV.   STIPULATIONS OF DISMISSAL

1.    If a plaintiff has agreed to stipulate to the dismissal of a defendant, the defendant
(hereinafter the "Stipulated Defendant") shall prepare a Stipulation of Dismissal.

2.    The Stipulated Defendant shall circulate the Stipulation of Dismissal to all defense
counsel by letter, stating that any party has ten (10) days from the date of the letter to object

to the dismissal of the Stipulated Defendant.

3. If a party objects to the dismissal of the Stipulated Defendant, the objecting party shall notify the Stipulated Defendant in writing of the basis for the objection.

4. If, after the expiration of the ten (10) day period, no objections are received by the Stipulated Defendant, the Stipulation of Dismissal may be electronically filed with the Court as unopposed.

5. The package electronically filed with the Court shall include the signed Stipulation of Dismissal and a cover letter stating no objections have been raised within the ten (10) day period.

6. Service of the Court-approved Stipulation of Dismissal shall be effectuated via the Court's electronic filing system on all parties of record.

## V.  MOTION PRACTICE AND PROCEDURE

All summary judgment motions shall be filed in accordance with the Revised Asbestos Summary Judgment Motion Procedures, a copy of which is attached hereto. In addition, to prevent the filing of unnecessary motions, five (5) days prior to the deadline for filing summary judgment motions (or 85 days prior to jury selection) Plaintiffs' counsel are to serve upon all parties to a case, a 'Dismissal Letter' indicating all defendants which Plaintiff will voluntarily dismiss from that case.

All other motions, including motions for *forum non conveniens*, motions to amend complaints, motions to compel, motions to enforce settlements, etc., shall be filed in accordance with the Revised Mass Tort Motion Procedures, a copy of which is attached hereto.

## VI.  TRIAL SCHEDULING

The dates for all scheduled trials will be published each Monday in The *Legal Intelligencer*.

## VII.  DEADLINES FOR CASES THAT MOVE TO NEW TRIAL GROUPS

If any case is moved, with the consent of the Court, from its original trial group to a later trial group, all discovery and motions deadlines for the later group will apply. Any summary judgment motions filed prior to moving the case will be considered moot and must be re-filed in accordance with the deadlines for the group to which the case has been moved, except for cases where the motion deadline for the new group has already passed at the time the case is moved. For those cases, motions will remain open and need not be re-filed. Those motions remaining open shall be decided by the Coordinating Judge in accordance with the deadlines for the new group.

## VIII.  CALL OF THE LIST

A brief call of the asbestos list will be conducted every Monday at 11:00 a.m. The Court will conduct general asbestos business and call those cases listed for trial for the following month. Knowledgeable representatives of each party involved in the next month's scheduled trials shall attend.

A meeting of the Asbestos Kitchen Cabinet will be conducted on the first Monday of each month, following the call of the list.

## IX.  SANCTIONS

Failure to comply with any deadlines set forth in the Case Management Order may result in the imposition of appropriate sanctions, including dismissal.

BY THE COURT:

SANDRA MAZER MOSS
COORDINATING JUDGE
COMPLEX LITIGATION CENTER

# EXHIBIT B

WILBRAHAM, LAWLER & BUBA                    **Attorneys for Defendant**
By:    Barbara J. Buba, Esquire            **Heidelberg USA, Inc., individually**
BBuba@wlbdeflaw.com                         **and as successor-in-interest to the**
Identification No. 36440                    **Mergenthaler Linotype Company**
By:    Michael J. Block, Esquire
MBlock@wlbdeflaw.com
Identification No. 41584
1818 Market Street, Suite 3100
Philadelphia, PA 19103-3631
(215) 564-4141

| | |
|---|---|
| James Palmer, and | : **COURT OF COMMON PLEAS** |
| Donna Palmer, h/w | : **PHILADELPHIA COUNTY** |
|         Plaintiff(s), | : |
|       v. | : **AUGUST TERM, 2012** |
| | : **NO. 1279** |
| | : |
| Heidelberg USA, Inc., individually and | : **ASBESTOS LITIGATION** |
| as successor-in-interest to Mergenthaler | : |
| Linotype Company, | : |
|         Defendant(s). | |

## CONSENT TO REMOVAL

We, the undersigned attorneys for defendant, Harris Corporation, consent to the

removal of the above-captioned case from the Court of Common Pleas of Philadelphia

County to the United States District Court for the Eastern District of Pennsylvania

pursuant to 28 U.S.C. §1441 et seq., on behalf of Harris Corporation.

Penelope B. O'Connell
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue
Suite 1210
Wilmington, DE 19801
Attorneys for Defendants
Harris Corporation

Date: August 28, 2012